405 So.2d 465 (1981)
Harry Irving KATZ, M.D., Appellant,
v.
FLORIDA STATE BOARD OF MEDICAL EXAMINERS, Appellee.
No. TT-308.
District Court of Appeal of Florida, First District.
October 22, 1981.
*466 Walter R. Moon of Rush, Marshall, Bergstrom & Robinson, P.A., Orlando, for appellant.
Jim Smith, Atty. Gen., and Christopher D. Rolle, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks review of an order of the Florida Board of Medical Examiners denying his petition for reinstatement to the practice of medicine in the state of Florida. Two points raised by appellant merit discussion.
First, appellant argues that the reinstatement hearing was materially unfair due to the Board's failure to promulgate rules of procedure for such hearings. We are unpersuaded by this argument as the Board had adopted the model rules of procedure for all informal and formal proceedings. See Rule 21M-18.04. Florida Administrative Code. Appellant has not shown any prejudice resulting from the Board's failure to adopt more explicit rules. We reject appellant's argument that Florida Statutes Section 458.331(4) requires appellant's reinstatement because of the failure of the agency to develop guidelines for the reissuance of a license. We view the statute as directory only and not mandatory in the sense that the absence of guidelines would automatically require the reinstatement of every applicant regardless of the reasons for or the terms and conditions of his suspension.
Second, appellant contends the order of the Board is inadequate in that it fails to set forth sufficient findings of fact or conclusions of law. We agree. The order is totally deficient in findings of fact or statements of policy supporting the denial of the reissuance of this license. An agency which has opted not to establish guidelines for a particular proceeding is required to make specific findings of fact and state the policy reasons supporting the agency action. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). Thus, due to the lack of appropriate findings of fact and conclusions of law the order is reversed and the case remanded for further proceedings.
McCORD and LARRY G. SMITH, JJ., and LILES, WOODIE A., Associate Judge (Ret.), concur.