454 So.2d 683 (1984)
Newell Jerome GRIFFITH, M.D., Appellant,
v.
BOARD OF MEDICAL EXAMINERS, Appellee.
Nos. AW-265, AY-219.
District Court of Appeal of Florida, First District.
August 2, 1984.
Paul Watson Lambert of Slepin, Slepin, Lambert & Wass, Tallahassee, for appellant.
Jim Smith, Atty. Gen.; and John E. Griffin and Susan Tully, Asst. Attys. Gen., for appellee.
*684 NIMMONS, Judge.
Appellant, whose license to practice medicine had previously been revoked, sought reinstatement of his license from the Board of Medical Examiners (the "Board"). He appeals from the Board's order entered October 31, 1983, denying his petition for reinstatement and the Board's declaratory statement entered February 22, 1984. The appeals from those two orders have been consolidated.
Dr. Griffith's license was revoked by the Board by final order entered in October, 1982. The Board had previously suspended his privilege to prescribe Schedule II controlled substances until he completed a 50 hour course in pharmacology. The revocation was based upon his prescribing Schedule II drugs during the period of such suspension. Griffith appealed the revocation to the Second District Court of Appeal which affirmed the order per curiam in May, 1983.
Although the revocation order contained nothing to indicate that Griffith could petition for reinstatement of his license, the Board readily admits that it has routinely followed the practice of considering petitions for reinstatement of revoked licenses. The Board says that it ceased following that practice with respect to licenses revoked after June 5, 1983, but acknowledges that Griffith's revoked license was subject to reinstatement since the revocation occurred prior to June 5, 1983, the date of the Board's June meeting.
On January 31, 1983, Griffith filed a "motion for leave to file a petition for reinstatement." The Board entered an order on March 3, 1983, denying the motion on the grounds that Griffith "is not an appropriate candidate for reinstatement at this time." Thereafter, Griffith filed, on May 16, 1983, another petition for reinstatement which was denied by an order which stated that his "petition is premature and that his proposed plan for reinstatement is severely deficient" and that he had "failed to demonstrate to the Board's satisfaction that he is now capable of practicing medicine with reasonable skill and safety as required by Section 458.331(3), Florida Statutes."
In July, 1983, Griffith filed with the Board a petition for declaratory statement pursuant to Section 120.565, Florida Statutes, in which he sought a statement of the criteria by which a petition for reinstatement would be evaluated by the Board and the criteria for the determination of when Dr. Griffith's petition for reinstatement would be regarded as "mature" for consideration. Griffith also filed on September 20, 1983, another petition for reinstatement.
At the Board's next meeting on October 8, 1983, the Board denied the petition for reinstatement.[1] The order denying the petition, which order is one of the two orders appealed herein, recited in relevant part:
Ordered and adjudged that the request be denied on the grounds that it is premature. * * * Without addressing the issue of whether [Griffith] has presented a plan for reinstatement that would comply with the requirements of Section 458.331(3), Florida Statutes, the Board again reiterates that it considers respondent's request to be premature.
Following the denial of the reinstatement petition, the Board, at the same meeting, took up the petition for declaratory statement. Counsel for Griffith explained that he was seeking a statement addressing the question as to when the Board would consider his client's reinstatement petition ripe for consideration and a statement setting forth the criteria which would govern the Board's determination of Griffith's petition on the merits so that he would know when and how to present Griffith's case for reinstatement. The Board chairman then purported to explain the criteria followed by *685 the Board. He acknowledged that Griffith fell within that category of "revokees" who would be eligible for reinstatement consideration, his license having been revoked prior to June 5, 1983. The chairman also stated that Griffith's petition would be regarded as "mature" when he could prove the criteria contained in Section 458.331(3), Florida Statutes. That section provides:
(3) The board shall not reinstate the license of a physician, or cause a license to be issued to a person it has deemed unqualified, until such time as it is satisfied that he has complied with all the terms and conditions set forth in the final order and that such person is capable of safely engaging in the practice of medicine.
When Griffith's counsel pressed for a clarification as to when the Board would regard a petition for reinstatement mature for consideration, the chairman responded, "The passage of time does wonders for these things."
Eventually, on February 22, 1984, the Board issued a declaratory statement, the second order appealed in this consolidated appeal. The Board's February 22 order found that Griffith was entitled to a declaratory statement pursuant to Section 120.565, Florida Statutes. The order stated that licenses revoked before the June, 1983, Board meeting "would be subject to reinstatement due to the past policy of the Board." But, the Board stated some individuals whose licenses were revoked prior to June, 1983, "will never be reinstated because of the nature of their offense." The order states that the criteria governing reinstatement petitions are those set forth in Section 458.331(3), supra, and "the nature of the violation which led to the revocation." Further, the order states that the petitioner's reinstatement petition will be considered as mature when the petitioner "can satisfy the requirement of Section 458.331(3), and when he can demonstrate to the Board's satisfaction that his medical judgment, as evidenced by his history of misconduct, has improved such that it is unlikely that he will again violate the Medical Practice Act and the rules or orders of the Board."
In Katz v. Florida State Board of Medical Examiners, 405 So.2d 465 (Fla. 1st DCA 1981), this court rejected Katz's argument that Section 458.331(4), Florida Statutes,[2] required Katz's reinstatement because of the failure of the agency to develop guidelines for the reissuance of a license. However, we further held:
Second, appellant contends the order of the Board is inadequate in that it fails to set forth sufficient findings of fact or conclusions of law. We agree. The order is totally deficient in findings of fact or statements of policy supporting the denial of the reissuance of this license. An agency which has opted not to establish guidelines for a particular proceeding is required to make specific findings of fact and state the policy reasons supporting the agency action.
Id. at 466.
It is apparent, particularly from the first order appealed, (the October 31, 1983, order) that Griffith's reinstatement petition was denied because the Board did not regard it as being mature or ripe for consideration. Its order clearly shows that the petition was denied because it was premature, the order further expressly stating that the Board declined to address the issue of whether Dr. Griffith's petition for reinstatement met the criteria of Section 458.331(3).
From the proceedings below, it is apparent that the Board has determined that petitions for reinstatement regarded as "premature" will be rejected without consideration on the merits. The problem is that it is impossible for a person to tell, in the absence of agency guidelines, when such a petition is to be considered ripe for *686 determination on the merits. During the colloquy between the Board's chairman and Dr. Griffith's attorney regarding when a petition for reinstatement would be regarded as mature for consideration, the chairman stated:
[H]is petition may be mature at a certain point, but we don't feel that the passage of time has been such that that situation is different enough that Dr. Newell Griffith has matured or has done anything that has proved to us that his petition has matured at this time. I don't know whether it is  I don't know what you can do, but you are creative enough, and you are smart enough and more experienced than almost any other attorney in this area in the state, that I am sure you can come up with something.
If the agency is to reject petitions for reinstatement because they are not mature or ripe for consideration, the agency will have to articulate policy guidelines such that one may reasonably know when he might expect to have the Board consider his petition on the merits. Neither of the appealed orders is sufficient in this respect.
Our opinion should not be interpreted as requiring the Board to entertain petitions for reinstatement of licenses revoked after the June 5, 1983, Board meeting. We deal in the instant case with a class of revoked licensees who, by established policy of the Board, are entitled to present petitions for reinstatement.
Further, except for the above referred deficiency on the "maturity" issue, we are of the view that the Board's criteria (as articulated in its declaratory statement) for consideration of reinstatement petitions on the merits are not legally deficient. In summary, such criteria include: (1) whether the terms and conditions set forth in the revocation order have been satisfied;[3] (2) whether the petitioner is capable of safely engaging in the practice of medicine; (3) whether the violation which led to revocation shows such a lack of judgment on petitioner's part that it is likely he will again violate Chapters 455 and 458, Florida Statutes, or the rules of the Board; and (4) whether petitioner's judgment has improved since revocation.
Finally, nothing we have said should be construed to preclude the Board from considering as a factor on the merits of the reinstatement petition the period of time which has passed since the license was revoked.
Reversed and remanded for further proceedings consistent with this opinion.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] At the meeting, the Board's counsel simply summarized for the Board members the history of the administrative proceedings involving Griffith after which the Board voted to deny the reinstatement petition. Although Griffith and his attorney were present, they were not heard with respect to the reinstatement petition.
[2] Section 458.331(4), Florida Statutes (1981), provides:

"The board shall by rule establish guidelines for the disposition of disciplinary cases involving specific types of violations. Such guidelines may include minimum and maximum fines, periods of supervision or probation, or conditions of probation or reissuance of a license."
[3] As previously noted, the revocation order in the instant case had no express conditions which Griffith was required to satisfy.