PER CURIAM.
On September 25, 1984, Richard English, M.D., petitioned this court for a writ of mandamus ordering the Board of Medical Examiners (Board) to perform its ministerial duty of referring to the Division of Administrative Hearings his request for hearing on his application for reinstatement of his medical license. This court entered an order directing the Board to show cause why the writ should not issue. The Board responded in part by asserting that a final, written order had been entered by it denying the petition for reinstatement and that petitioner, therefore, has adequate administrative remedies available so that mandamus was not appropriate. The copy of the written order filed in this court upon which the Board relies reflects that although it was signed before the petition for writ of mandamus was filed, the order was not *201 filed until afterwards.[1] Furthermore, no certificate of service was attached to the order indicating that it was properly served. In any event, the relief sought and the argument in support thereof are unaltered by the written order. Therefore, assuming that the order constitutes appropriate final agency action, we may treat the mandamus petition as a notice of appeal and initial brief. Fla.R.App.P. 9.040(c). In spite of the uncertainty regarding the proper procedural posture of this case, we find that the interests of justice and judicial economy will best be served by a prompt decision on the merits.[2] We, therefore, treat this proceeding as an appeal from the Board’s order summarily denying the petition for reinstatement and request for a § 120.57 hearing. Having made this initial determination, we find the Board’s actions in this case to be improper and reverse.
The record reflects that appellant filed a formal petition for reinstatement of his medical license containing various allegations purporting to show that he had complied with the terms of his revocation and that he is currently capable of safely engaging in the practice of medicine.[3] In response, the Board’s executive director advised appellant that pursuant to a policy of the Board:
The Petition will be placed on the agenda for the next meeting of the Board scheduled for August 3, 4 & 5, 1984, in Tampa, Florida. At that time the Board will rule on whether it wishes to accept the Petition for consideration. No testimony or argument pertaining to the Petition will be received by the Board at the August meeting. Neither will your presence or that of Dr. English be required. If it is the decision of the Board to consider the Petition, it will be placed on the agenda for the next subsequent meeting of the Board in October 1984 for final disposition. .. .[4]
On August 4, 1984, the Board met and the following discussion occurred with regard to appellant’s petition for reinstatement:
Chairman Feinstein: Let’s go to Tab 14. These are requests or petitions for reinstatement. The first one is Richard English, Tab 14.
We have a letter from Counsel saying that we may not have the right to bifurcate this into two meetings.
Any comments by the Board?
sfc $ * # * ⅝:
Mr. Valdes-Fauli: I don’t think you want to hear my tirade again on drug selling and drug prescribing....
Chairman Feinstein: Okay. Is there a second to that?
Dr. Shea: Was that a motion to deny?
Mr. Valdes-Fauli: Yes.
Dr. Eschevarria: I second it.
Chairman Feinstein: Any discussion about this? All those in favor of denying this request or petition for reinstatement?
It is unanimous.
At the prompting of the Board’s own counsel, a discussion followed which pertained to appellant’s request for a Section 120.57 hearing. The following excerpts are pertinent to demonstrate the Board’s disposition of that request:
*202 Dr. Bass: This is a revoked license. He doesn’t have any jurisdiction at all before the Board now does he? It was revoked. Chairman Feinstein: It was revoked.
Dr. Katims: It seems to me that — I want to identify myself as not being an attorney — but it seems to me that the remedy for this is for the individual to make application for licensure.
Dr. Bass: He’s revoked now.
Dr. Katims: De novo and not, you know, there is no other way.
Dr. Shea: If somebody has a revoked license, they are not one of our clients are they?
Dr. Katims: I’ve been telling you that for years, and I don’t want to hear any more about these people.
Dr. Bass: He is revoked. He can’t have a hearing.
Dr. Brunner: I have the same feeling. If he’s revoked, he's got to go through the same process.
Thus, it is apparent that the Board has adopted a policy of summarily denying petitions for reinstatement of revoked medical licenses. Further discussion contained in the transcript as well as this court’s opinion in Griffith v. Board of Medical Examiners, 454 So.2d 683 (Fla. 1st DCA 1984), reveals that the policy of rejecting applications for reinstatement was instituted by the Board at a June 1983 meeting.
Appellant’s argument in opposition to the Board’s policy may be summarized as falling under two headings: (1) that the Board’s policy of summarily denying his application for reinstatement constitutes unauthorized, free-form agency action which deprives appellant of the procedural safeguards incorporated in the Florida Administrative Procedure Act; and (2) appellant contends that application of the policy to him is a denial of due process because he is among the class of licensees referred to in Griffith who are entitled to submit petitions for reinstatement and have them considered on their merits. Because we agree with appellant on the second ground, we do not reach the first.
In Griffith, we noted that the Board admitted that prior to June 5, 1983, it routinely followed the practice of considering petitions for reinstatement. There, the Board also acknowledged that because Griffith’s license was revoked prior to June 5, 1983, he was entitled to that consideration. It is not clear to us why the Board no longer acknowledges that entitlement when appellant too had his license revoked prior to June 5, 1983. However, we find that the Board was correct in its earlier acknowl-edgement and errs in its implicit failure to so acknowledge here.
The order of the Board of Medical Examiners is reversed, and this case is remanded with directions that the merits of the petition for reinstatement be considered and that appellant be afforded a Section 120.57 hearing if disputed issues of material fact are found to exist.
Reversed and remanded.
SHIVERS, WENTWORTH and NIM-MONS, JJ., concur.

. If the order was legally rendered on the date it was signed, September 17, 1984, the September 25, 1984, filing of the petition was within the 30-day time limit for filing a notice of appeal. If the order was rendered after the petition was filed, we may still treat the petition as a notice of appeal since the premature filing of a notice of appeal does not divest this court of jurisdiction. Lauda v. H.F. Mason Equip. Corp., 407 So.2d 392 (Fla. 3rd DCA 1981).

. We have before us the complete transcript of the brief proceeding below as well as all of the relevant documents necessary for adequate review by this court.

. § 458.331(3), F.S., provides:
“(3) The board shall not reinstate the license of a physician, or cause a license to be issued to a person it has deemed unqualified, until such time as it is satisfied that he has complied with all the terms and conditions set forth in the final order and that such person is capable of safely engaging in the practice of medicine.”

. Counsel for appellant responded to this letter by objecting, in writing, to the procedure.