463 So.2d 345 (1985)
HOME HEALTH PROFESSIONAL SERVICES, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. AY-468.
District Court of Appeal of Florida, First District.
January 11, 1985.
Rehearing Denied March 1, 1985.
*346 Maureen Emmet-Miller of Riden, Watson & Goldstein, P.A., St. Petersburg, for appellant.
Jay Adams, Asst. Gen. Counsel for the Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
SMITH, Judge.
Home Health Professional Services, Inc. (HHPS), a home health care agency licensed in Lake and Sumter counties, appeals a final order of the Department of Health and Rehabilitative Services (HRS) denying its request to expand its operation into Citrus and Marion counties. HRS denied the request on the ground that this proposed expansion by HHPS into counties for which it has not been previously licensed amounts to the "establishment of a *347 new home health agency" within the meaning of Section 381.494(1)(f), Florida Statutes (1981), so that certificate of need (CON) review or an exemption is required. Sections 381.494(1) and 400.471(3), Florida Statutes (1981). We affirm.
The term "new home health agency" utilized in Section 381.494(1)(f) is not defined in the statutes or rules. However, after reviewing the other home health care definitions in the statutes and rules,[1] HHPS urges us to find that "new home health agency" means a never before existing entity. HHPS contends that since it intends to provide its services to Citrus and Marion counties from its existing office in Leesburg and no new office space or equipment will be needed in the additional counties, it will not be creating a new entity to render home health services in Citrus and Marion counties, and CON review is not required.
HRS points out, on the other hand, that HHPS's expansion into Citrus and Marion counties has never been reviewed under any criteria. When HHPS applied for and was granted its license to operate in Lake and Sumter counties, in late 1976 and early 1977, the Health Facilities and Health Services Planning Act, Sections 381.493 through 381.499, Florida Statutes (1981) (the CON law), had not been enacted. Instead, HHPS was required to obtain "a statement of need," and the review process applied to HHPS' application only encompassed Lake and Sumter counties, and did not include Citrus and Marion counties. HRS contends that permitting HHPS to proceed to provide home health services in Citrus and Marion counties without the benefit of a determination of need for the provision of services in those counties would be contrary to the legislative intent expressed in the CON law. See Section 381.493(2), Florida Statutes (1981).
We agree with HRS that the CON law was designed to provide for community health needs in a responsible and cost effective manner without unnecessary duplication of health services. Section 381.493(2), Florida Statutes (1981). To that end, HRS is required to review the availability, quality of care, efficiency, appropriateness, accessibility, extent of utilization, and adequacy of like and existing health care services in the health service area of an applicant before granting or denying a CON to that applicant. Section 381.494(6)(c)2., Florida Statutes (1981). Lake, Sumter, Citrus and Marion counties are in the same health service area. However, it is undisputed that HHPS' proposed expansion into Citrus and Marion counties has not been reviewed under either the certificate of need or statement of need criteria.
HRS is the administrative agency charged with the administration of the CON law. HRS' construction of the CON law, particularly Section 381.494(1)(f), is that it prohibits a home health agency licensed in one county to proceed to provide home health services in other counties without the benefit of a determination of need for the provision of services in those counties. Finding that HRS is not clearly erroneous or unauthorized in construing a "new home health agency" as one which expands its services into counties where it has not been previously licensed or subjected to CON review, we decline to set aside HRS' interpretation of Section 381.494(1)(f). Pan American World Airways, Inc. v. Florida Public Service Commission, 427 So.2d 716, 719 (Fla. 1983); Perkins v. Department of Health and Rehabilitative Services, 452 So.2d 1007, 1008 (Fla. 1st DCA 1984); Palm Beach Junior College Board of Trustees v. United Faculty of Palm Beach Junior College, 425 So.2d 133, 136 (Fla. 1st DCA 1982); and ABC Liquors v. Department of Business Regulation, 397 So.2d 696, 697 (Fla. 1st DCA 1981).
As a second prong of its attack, HHPS urges us to invalidate this agency action because HRS has failed to enact the policy applied in this case as a rule. Although it might have been preferable for *348 HRS to have expressed its policy by the adoption of a rule, the fact that HRS has not reduced its policy to a rule does not automatically invalidate its decision in this case. Instead, we are required to examine this record to determine if HRS' policy is clearly explicated and is supported by record foundation. Florida Cities Water Company v. Florida Public Service Commission, 384 So.2d 1280 (Fla. 1980); City of Delray Beach v. Department of Transportation, 456 So.2d 944 (Fla. 1st DCA 1984); Perkins, supra; Barker v. Board of Medical Examiners, 428 So.2d 720 (Fla. 1st DCA 1983), and cases cited therein; and ABC Liquors, supra.
Examining the record, we find not only the above-mentioned evidence of legislative intent, but also the testimony of HRS' employee, Nat Ward, of the Office of Health and Planning, to the effect that HRS has consistently interpreted Section 381.494(1)(f) as requiring applicants such as HHPS to undergo CON review when they request to expand their services to counties where they are not licensed and have not undergone previous CON review. HHPS offered no testimony or evidence which disputes this HRS policy.
HHPS's reliance on Legal Opinion 82-2, authored by Staff Attorney, James M. Barclay, dated March 9, 1982, is unavailing. HHPS urges that this opinion holds that a CON is not required before a Florida home health agency, already licensed to operate within certain counties in a home health service area, may provide home health agency services to additional counties within the same health service area. However, we think the opinion can be interpreted, as HRS urges, to mean that since CON review is a review of all counties within a particular health service area, an applicant who has previously obtained a CON for a particular health service area may expand to additional counties within the same health service area (because service in these counties was reviewed when the home health agency obtained its CON) and therefore such applicant would not have to undergo additional CON review. It is important to note the distinction in this case which is that HHPS underwent a "statement of need" review process in 1976 which encompassed less than a full service area review, contrary to the CON review process. Thus read, the opinion is consistent with the policy applied in this case.
One final matter deserves comment. HHPS argues that HRS should be restricted to the health care definitions contained in the statutes and rules enumerated in footnote 1. As noted, these statutes and rules do not provide a definition for "new home health agency." As this court recognized in Anheuser-Busch, Inc. v. Department of Business Regulation, 393 So.2d 1177 (Fla. 1st DCA 1981):
... [H]aving rules which particularly define one sort of conduct within the reach of a regulatory statute does not foreclose the Division's application of the statute to other conduct through adjudication. If by promulgating a single set of interpretative rules an agency should lose power to further interpret the statute through adjudication, then not only the regulatory statute but APA processes as well would be frustrated. Anheuser-Busch, 393 So.2d at 1181.
The final order of HRS is AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The statutes and rules cited by HHPS are: Section 400.462(2) and (3), Fla. Stat. (1981); Rules 10-5.02(15)(16) and (17), 10-5.04(7), and 100-68.02(18), Florida Administrative Code.