MILLS, Judge.
Devor appeals from a final order of the Department of Insurance revoking his license as an insurance agent. We affirm.
The Department filed a ten-count administrative complaint against Devor, each count alleging violation of 17 provisions of Chapter 626, Florida Statutes (1981), and one provision of Chapter 627, Florida Statutes (1981). In essence, the Department contended Devor sold accidental death and dismemberment insurance to customers *1320 who wanted and thought they were buying only personal injury protection. Four counts were eventually dismissed.
Following a formal administrative hearing, the hearing officer issued a recommended order. In it, he found Devor’s agency, at Devor’s direction, sold customers insurance they did not need or want without full disclosure and adequate explanation.
The hearing officer concluded Devor violated four provisions of Chapter 626 as to each count. But he termed the allegations regarding violation of the other 14 statutory provisions “repetitive, multiplicious, or not proven,” and did not address them further.
He recommended Devor’s general lines license be revoked with provision that the revocation be suspended for two years upon payment of a $2,000 fine and with provision for remission of the revocation after two years upon a showing of no further violation.
In the final order, the Department adopted the hearing officer’s findings of fact without exception. It adopted his conclusions of law except the one regarding the alleged violations of the 14 statutes. The Department concluded the record and the findings of fact supported all alleged violations.
The Department rejected the recommended penalty and revoked Devor’s licenses and eligibility for licensure.
Devor first contends the Department’s rejection of the hearing officer’s conclusion, that 14 statutory violations were “repetitive,-multiplicious, or not proven,” was a material error in procedure. He argues it is unfair for the Department to reject that conclusion without stating with particularity that it is not based on competent substantial evidence.
The portion of the recommended order rejected by the Department is a conclusion of law, not a finding of fact. As such, it could be rejected by the Department without specific findings. Section 120.-57(l)(b)(9), Florida Statutes (1983). We find no error in procedure.
Next, Devor contends the Department’s findings are not supported by competent substantial evidence.
Although competent substantial evidence takes on “vigorous implications” in license revocation proceedings, Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981), this Court is nevertheless prohibited from reweighing the evidence. Section 120.68(10), Florida Statutes (1983). The findings of fact are supported by competent substantial evidence.
Devor also asks this Court to evaluate the propriety of license revocation as opposed to a lesser sanction. But a penalty within the permissible range of statutory law, even if greater than the recommended penalty, is not subject to this Court’s review. Hartnett v. Department of Insurance, 406 So.2d 1180 (Fla. 1st DCA 1981). The penalty imposed was within the permissible range of statutory law. Section 626.611, Florida Statutes (1981); Section 626.621, Florida Statutes (1981).
AFFIRMED.
NIMMONS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.