490 So.2d 1079 (1986)
Raymond H. WOOD, Jr., D.D.S., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF DENTISTRY, Appellee.
No. BF-325.
District Court of Appeal of Florida, First District.
June 18, 1986.
Paul Watson Lambert, of Slepin, Slepin, Lambert & Waas, Tallahassee; and Michael I. Schwartz, Tallahassee, for appellant.
Jim Smith, Atty. Gen.; John E. Griffin, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Dr. Wood appeals an order of the Board of Dentistry (Board) denying his request for amendment of disciplinary action. We affirm.
After Dr. Wood was convicted of a drug-related offense the Board brought disciplinary *1080 proceedings against him seeking to revoke his license as a dentist. Following a hearing, the Board entered a final order revoking Dr. Wood's license, effective August 4, 1983. The order did not reserve jurisdiction in the Board to entertain a petition for reinstatement. Dr. Wood's appeal of the revocation to this court was affirmed. Wood v. State Department of Professional Regulation, Board of Dentistry, 456 So.2d 1197 (Fla. 1st DCA 1984). In his appeal, Dr. Wood raised no issue concerning the Board's failure to provide in its order any terms or conditions for reinstatement of his license. The Board granted a stay during the pendency of his appeal, allowing Dr. Wood to practice dentistry until this court's mandate was issued on January 11, 1985.
After this court's affirmance of the revocation of Dr. Wood's license, but before issuance of its mandate, Dr. Wood filed a "Request for Amendment of Disciplinary Action." In this request Dr. Wood asked the Board to consider a less severe sanction than revocation, such as probation and a fine, continued supervision, or other relief.
A hearing was held on Dr. Wood's request on February 2, 1985. At the hearing, the Board's attorney, sua sponte, raised the question of whether the Board had the authority to reissue a license to Dr. Wood, or whether he would be required to go back through the entire licensing process. After a discussion, the Board announced that it would not reinstate revoked licenses. The Board interpreted section 466.028(2)(b), Florida Statutes (1983)[1], as creating a distinction between "revocation" and "suspension" so that upon revocation, an individual is no longer a "licensee" subject to the Board's jurisdiction as that term is used in section 466.028(4), Florida Statutes (1983).[2] Accordingly, the Board denied Dr. Wood's request for amendment of disciplinary action on the ground that it lacked jurisdiction as a result of the revocation of Wood's dental license. The order advised Dr. Wood that he may reapply for licensure pursuant to section 466.006, Florida Statutes (1983), which governs the examination of dentists for licensure. Dr. Wood challenges this order in this appeal.
Simultaneously with the filing of his notice of appeal, Dr. Wood filed with this court a motion for temporary relinquishment of jurisdiction to allow the Board to consider a motion for reconsideration of its order denying the request for amendment. This court granted the motion, and temporarily relinquished jurisdiction to the Board for a period of ninety (90) days. In his motion for reconsideration, Wood argued that the legislative history, as well as the language of section 466.028(4), reveal a legislative intent that the Board be permitted to reissue revoked licenses. The Board disagreed, asserting that its contrary construction of section 466.028(4) is a reasonable one, and denied the motion for reconsideration.
We affirm the Board's refusal to amend the disciplinary action against Dr. Wood, albeit for different reasons than those expressed by the Board. We find that the issue of the appropriate disciplinary action for Dr. Wood's offense was fully litigated, a decision on the appropriate penalty was rendered, and this decision was appealed to and affirmed by this court. In his request for amendment of disciplinary action, Dr. Wood essentially asked the Board to reconsider its decision ordering revocation as the appropriate disciplinary action and to give him probation and a fine with continued supervision instead. However, the Board's order requiring revocation of Dr. Wood's license had become the "law of the case."
*1081 The principle "law of the case" requires that questions of law decided on an appeal to a court of ultimate resort must govern the case in the same court and the trial court through all subsequent stages of the proceeding. 3 Fla.Jur.2d, Appellate Review, § 414. Law of the case, a limited application of the doctrine of res judicata, means that the judgment of a court of competent jurisdiction directly rendered on a particular issue is conclusive as to the parties and the issues decided in the same or any other controversy. Id. at § 415. Finally, administrative agencies are required to adhere to the law of the case. 1 Administrative Law, § 195. Thus, as a matter of law, the Board no longer had the authority to rescind or modify the order revoking Dr. Wood's license, and the request for amendment of disciplinary action was properly denied.
We recognize that if we should at this point accept the Board's interpretation that "revocation" under the statute as a matter of law means "forever" our ruling would effectively close the door to any further attempt by Dr. Wood to have his license reissued or reinstated.[3] We are not prepared to go this far. Although we have accepted, and based our decision on, the Board's position that by virtue of the finality of its disciplinary proceedings against Dr. Wood, it has no "jurisdiction" to revisit that proceeding for the purpose of announcing some other more lenient disposition, we are not prepared to hold that under no circumstances may the Board reconsider the matter of reinstatement or relicensure.
The statutory language in question does not, in our opinion, mandate the "revocation means forever" approach upon which the Board apparently based its decision in the present proceeding. Prior decisions of this court imply that the Board might properly have taken the view  as stated by the Board's own attorney at the Board's hearing  that the Board could as a matter of policy view the statutory language as allowing some form of relicensure or reinstatement short of a repeat of the entire qualification and licensure process spelled out in Section 466.006, Florida Statutes (1983).[4] That the Board might choose not to adopt the policy suggested is also a possibility.[5] Since it has not done so by rule, however, it appears to us that in a proceeding directly addressing the issue, any order of the Board reaching that result would be required to adequately explicate the factual basis (supported by evidence of record) and the reasoning underlying the Board's choice of alternatives.[6]
Any attempt by this court to prophesy as to the permissible limits of the Board's *1082 discretion to determine the manner in which it will choose to discharge its duty under the statutes in question would be premature at this juncture.[7] We also leave for a later date any attempt to spell out what right, if any, Dr. Wood may have to a result more favorable to him than he is ultimately able to receive from the Board.[8]
The order appealed from is affirmed, without prejudice to appellant's right to seek further appropriate administrative or other relief as he may be advised.
AFFIRMED.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] This statute provides that when the Board finds "any applicant or licensee" guilty of any of the grounds set forth in section 466.028(1), it may enter an order imposing one or more of several penalties, including: "(b) Revocation or suspension of a license."
[2] Section 466.028(4) provides: "The department shall reissue the license of a disciplined licensee upon certification by the board that the disciplined licensee has complied with all of the terms and conditions set forth in the final order."
[3] Dr. Wood has not yet petitioned for reinstatement of his revoked license. He urges in his brief that he does seek the right to have the Board, at some time in the future, consider reissuance of his license. We note that this issue is not raised in the petition, the order denying which gives rise to the present appeal.
[4] Compare English v. Florida Board of Medical Examiners, 461 So.2d 200 (Fla. 1st DCA 1984); and Griffith v. Board of Medical Examiners, 454 So.2d 683 (Fla. 1st DCA 1984). In Griffith, this court implicitly recognized the Board of Medical Examiners' authority to set a policy that after June 5, 1983, it would no longer consider petitions for reinstatement of revoked licenses. However, Griffith's license had been revoked prior to June 5, 1983, and he was entitled to have his petition for reinstatement considered. This court ordered that before the agency could reject a petition for reinstatement because it was not mature or ripe for consideration, the agency had to articulate policy guidelines such that one may reasonably know when he might expect to have the board consider his petition on the merits. In English, this court again implicitly recognized the Board of Medical Examiners' authority to set a policy that it would not consider petitions for reinstatement after June 5, 1983, but since English's license had been revoked prior to that date, he was entitled to have his petition for reinstatement considered.
[5] Home Health Professional Services, Inc. v. Department of Health and Rehabilitative Services, 463 So.2d 345, 347 (Fla. 1st DCA 1985).
[6] Id. at 348. See also, Katz v. Florida State Board of Medical Examiners, 405 So.2d 465 (Fla. 1st DCA 1981) (where no guidelines had been established for action on physician's petition for reinstatement of license to practice medicine, Board was required to make specific findings of fact and state the policy reasons supporting the Board's denial of petition).
[7] See State v. Vogel, 415 So.2d 821 (Fla. 2d DCA 1982)(district court of appeal is not empowered to issue advisory opinions).
[8] See Benevolent and Protective Order of Elks of United States of America, Miami Lodge No. 948 v. Dade County, 166 So.2d 605 (Fla. 3d DCA 1964)(taxpayer not entitled to advisory opinion as to whether its property could in future be exempt).