PER CURIAM.
This is a petition for a writ of mandamus which we treat as a notice of appeal.
Timothy Lamphier’s license to practice medicine was revoked by the Florida Board of Medical Examiners (Board) in 1974. In 1984 Lamphier filed a petition for reinstatement. The petition was heard in April 1984, but the Board failed to act on the request. Lamphier filed this petition seeking to force the Board to act upon his request. After this court issued an order to show cause the Board rendered an order summarily denying petitioner reinstatement and now seeks to dismiss the petition for writ of mandamus as moot. Lamphier contends that the Board must set out a summary of the factual, legal and policy grounds in support of his denial of reinstatement and requests this court treat his petition as a notice of appeal under Florida Rule of Appellate Procedure 9.040(c), in order to accomplish that result.
In Katz v. Florida State Board of Medical Examiners, 405 So.2d 465 (Fla. 1st DCA 1981), a physician sought review of an order of the Board denying his petition for reinstatement. The court held that the order of the Board was inadequate because it failed to set forth sufficient findings of fact and conclusions of law in support of the denial:
Second, appellant contends the order of the Board is inadequate in that it fails to set forth sufficient findings of fact or conclusions of law. We agree. The order is totally deficient in findings of fact or statements of policy supporting the denial of the reissuance of this license. An agency which has opted not to establish guidelines for a particular proceeding is required to make specific findings of fact and state the policy reasons supporting the agency action.
405 So.2d at 466. In Griffith v. Board of Medical Examiners, 454 So.2d 683 (Fla. 1st DCA 1984), a physician sought reinstatement of his license and the Board denied the motion stating “Griffith is not an appropriate candidate for reinstatement at this time.” Thereafter Griffith filed another petition for reinstatement which was also denied. In this order the Board stated that the petition was premature and that Griffith had “failed to demonstrate to the Board’s satisfaction that he is now capable of practicing medicine with reasonable skill and safety as required by Section 458.-331(3), F.S.” Thereafter Griffith filed a petition for declaratory statement as to the criteria for the determination of when his petition would be “mature”; he also filed another petition for reinstatement which was again denied. Griffith appealed and the 1st DCA reversed. The appellate court relied upon the earlier decision in Katz. In addition the court ruled that the Board must articulate policy guidelines so that one might know when he might have the Board consider his petition on the merits; i.e., when it is “mature.” In English v. Florida Board of Medical Examiners, 461 So.2d 200 (Fla. 1st DCA 1984) a physician filed a petition for writ of mandamus ordering the Board of Medical Examiners to perform its ministerial duty of referring his case to the Division of Administrative Hearings for hearing on his request for reinstatement. The appellate court issued an order to show cause and the Board responded by asserting that it had entered an order denying the petition. The court decided to treat the petition as a notice of appeal [Rule 9.040(c)] and reversed with instructions that English was to be afforded a section 120.57 hearing if disputed issues of material fact were found to exist.
*483 In the case at bar the petitioner asserts that he filed “voluminous, competent, favorable evidence” to support his petition. In contrast the Board asserts that there is no record of proceedings, evidence or testimony presented to support the petition for reinstatement or to undermine the Board’s decision. The Board argues that this is exactly like English since they offered to have a section 120.57 hearing. Although offering to have the section 120.57 hearing remedies one of the problems discussed in English, it does not address the rulings in Griffith and Katz that the Board must support its denial of the petition with findings of fact and conclusions of law. The petitioner in the case at bar, like the petitioners in Katz and Griffith, had his license revoked prior to June 1983.[1] And, like the petitioners in Katz and Griffith, the Board failed to enter findings as to how he failed to demonstrate that he is capable of practicing medicine.
In our view the real question is whether the order is adequate in light of Katz and those provisions of the Florida Administrative Procedure Act which provide that the agency shall give a summary of the factual, legal and policy grounds for its action. S 120.57(2)(a)(l), Fla.Stat. The rationale behind requiring findings of fact, conclusions of law, or a summary of grounds is that these grounds will frame the issues and set the ground rules for an administrative hearing between the parties. Otherwise both sides would be operating in the dark and virtually have to guess as to what evidence to present and issues to try.
In the interest of judicial economy we believe we should grant the petitioner’s request that this court consider the mandamus petition as a notice of appeal under Florida Rule of Appellate Procedure 9.040(c). In English, under facts similar to the instant case, a petitioner’s writ of mandamus was considered an appeal from the Board before administrative remedies were exhausted:
[Ajssuming that the order constitutes appropriate final agency action, we may treat the mandamus petition as a notice of appeal. In spite of the uncertainty regarding the procedural posture of this case, we find that the interests of justice and judicial economy will be served by a prompt decision on the merits.
Although technically the petition for mandamus is moot since the Board entered an order, we, like the court in English, treat the petition and Lamphier’s request to review the Board’s tardy action as a notice of appeal and accept jurisdiction pursuant to Florida Rule of Appellate Procedure 9.040(c). Upon review of the order denying reinstatement, we find that the Board failed to make adequate findings of fact to support the denial of the petition for reinstatement and we remand this cause with directions that an amended order be entered adequately setting out the grounds for denial and notifying the appellant of his right to an administrative hearing if he seeks to challenge these grounds.
DOWNEY, ANSTEAD and DELL, JJ., concur.

. Apparently in June of 1983 the Board implemented a new policy of not considering petitions for reinstatement of revoked licenses. The Board acknowledges that it will continue to consider such petitions with respect to licenses revoked prior to June 1983. Lamphier’s license was revoked in 1974.