MILLS, Judge.
Redfern appeals from a final order of the Department of Professional Regulation suspending her Advanced Registered Nurse Practitioner (ARNP) license for one year and reprimanding her Registered Nurse (RN) license. We affirm.
In 1982, Redfern was part owner of, and head nurse and midwife at, a freestanding birth center. The center was designed to provide pre-natal, labor, delivery and postnatal care for women experiencing uncomplicated pregnancies. It was staffed by three nurse-midwives, including Redfern, who rotated the duties of office management and labor and delivery management among themselves.
In September 1982, Redfern managed the labor and delivery of patient Slean. Despite several pre-natal examinations indicating that the Slean fetus was too small for its expected date of delivery, the serial ultrasound tests called for in such an event were not performed. Further, there were *1314 signs of fetal distress during labor which called for a transfer of the mother to physician management; no transfer was made. After delivery, the infant was severely depressed and required oxygen, which was administered in a less-than-optimum manner despite the availability of more effective equipment. The Slean infant died several days later with a diagnosis of asphyxiation and complications therefrom.
A “normal” pregnancy has an average term of forty weeks; pregnancies that continue beyond forty-two weeks are considered “high-risk” due to the inadequacy of the placenta to provide the fetus nourishment and oxygen after that point. The protocol at Redfern’s birth center called for referral to physician management and/or the performance of a fetal non-stress test (a measurement of fetal well-being) for any pregnancy continuing past the forty-second week.
Redfern examined patient Rumfh on 5 October 1982, noting a gestation of forty-two and a half weeks; Rumfh’s chart also reflected a complaint of decreased fetal movement made to another midwife three days earlier. Despite Redfem’s knowledge of these factors, neither the fetal non-stress test nor referral to a physician was ordered. The Rumfh infant was delivered by another midwife on 7 October and later died with a diagnosis of post-maturity, meaning that, prior to delivery, the placenta had ceased to provide the fetus with adequate food and oxygen.
Based on these incidents, the Department brought an administrative complaint against Redfern alleging violations of Section 464.018(l)(f), Florida Statutes, which establishes as a ground for disciplinary action:
Unprofessional conduct, which shall include but not be limited to, any departure from, or the failure to conform to, the minimal standards of acceptable and prevailing nursing practice, in which case actual injury need not be established.
Redfern requested and received a formal hearing on the charges, at which the Department presented expert testimony that Redfern’s actions in these cases represented a failure to conform to acceptable and prevailing nursing standards. Redfern in turn presented expert testimony that she had met those standards.
The hearing officer entered a recommended order finding a failure to conform in violation of the statute in both cases and recommending that Redfern’s licenses be suspended for one year. Redfern filed six exceptions to the recommended order within the twenty days prescribed by Rule 210-6.21, Fla.Admin.Code; a seventh exception was filed outside of that time limit. The Department in its final order rejected the first six exceptions on their merits and refused to consider the seventh as untimely filed. It proceeded to adopt the recommended order in toto, except that the penalty was modified so that only the ARNP license was suspended for one year; Red-fern’s RN license was merely reprimanded.
Redfern argues on appeal that the hearing officer erred in rejecting the testimony of her expert witness that her actions conformed to the minimal standards of accepted nursing practice. However, Section 120.68(10), Florida Statutes, provides that the appellate court shall not substitute its judgment for that of the hearing officer regarding the weight of the evidence and should reverse only if the findings depend on a fact or facts not supported by the evidence. See also Devor v. Department of Insurance, 473 So.2d 1319 (Fla. 1st DCA 1985). Here, the hearing officer’s findings were supported by both expert and documentary evidence. Red-fern also argues the absence of evidence that her actions resulted in the deaths of the infants. However, Section 464.018(1)(f) clearly states that, in demonstrating a violation of the statute, “actual injury need not be established.”
Finally, Redfern alleges that it was error to reject the exception to the recommended order filed outside of the twenty days prescribed by rule. However, Section 120.57(1)(b)8, Florida Statutes, provides that “[t]he agency shall allow each party at *1315 least 10 days in which to submit written exceptions to the recommended order” (emphasis supplied). Redfern has not shown that the Department abused its discretion or acted to her prejudice in declining to accept exceptions to the recommended order filed outside of the 20-day period for such submissions established by Rule 28-5.404, Fla.Admin.Code, and adopted by the Department in Rule 210-6.21.
Affirmed.
SHIVERS and JOANOS, JJ., concur.