WENTWORTH, Judge.
Appellant Holmes seeks review of a final order of the state Board of Nursing which revoked her license as a practical nurse for three specified acts of unprofessional conduct in violation of section 464.018(l)(f), Florida Statutes, and for willfully violating a prior Board order contrary to section 464.018(l)(j), Florida Statutes. We affirm the revocation but, for reasons noted below, amend the order to remove the permanent prohibition from petitioning for reinstatement.
The material factual findings accepted by the Board are:
... [T]he Respondent failed to use proper asceptic [sic] techniques in inserting a catheter in a female patient.... The evidence is ample to establish that the procedure Respondent followed was improper and clearly constituted unprofessional conduct which failed to conform to the minimal standards of acceptable and prevailing nursing practice....
... [I]n response to the patient observed to be in distress on May 2, 1984.... she failed to respond in a timely fashion and she failed to quickly and expeditiously notify the physician of the patient’s situation. She also failed to document any of the above or what she allegedly did and this constitutes a departure from appropriate standards and a violation of the statute....
... Respondent failed to properly assess and report a broken area on a patient’s coccyx, ... there is sufficient evidence ... to establish that Respondent failed to take appropriate action with regard to this patient as outlined in the decubitus procedure, and that her actions fell short of the minimum acceptable standards of the nursing practice in Florida.
With reference to the evidentiary predicate for these findings appellant first argues issues of relevance, sufficiency, and probative value. Upon review of all referenced portions of the record we decline to reweigh the evidence and find appellant has demonstrated no error in the hearing officer’s exercise of discretion and resolution of conflicts.
Appellant further contends the Board erred in its additional conclusion, contrary to the recommendation, that the conceded facts as to appellant’s prior probationary order do establish (in addition to acts of unprofessional conduct, supra, contrary to section 464.018(l)(f), Florida Statutes) a violation of section 464.018(1)©, which proscribes:
Willfully ... violating ... a lawful order o/the board....
Appellant’s argument apparently is that the entry of the prior probationary order on stipulation, absent a determination of her guilt on the merits as to those charges, does not, in connection with the current violations, come within the section (1)© of *1340 fense of “repeatedly violating any provision of this chapter.” (e.s.) Granting the validity of that argument, it entirely overlooks the independent language from this section first quoted above as to prior orders. There appears to be adequate substantiation for the Board’s conclusion of law that appellant’s current conduct during her probationary period also violated section (l)(j) as charged by reason of the explicit provision of the prior order, on stipulation, that she was to “refrain from future violations of Chapter 455 ... and: ... 464, Florida Statutes.”
The final question raised concerns the Board’s decision in favor of revocation in lieu of the recommended suspension and probation, as follows:
The nature of the violations committed by Respondent are found to be very serious. Failure to respond to a patient in distress is an especially grave breach of professional conduct. The Board further finds, based on the record herein, that the types of deviations from good nursing practice exhibited by Respondent are so basic that little possibility exists that Respondent may be rehabilitated. The record reflects a disregard by the Respondent of the very minimum standards of asceptic [sic] techniques, appropriate response to patients in distress and patients requiring treatment, and the general welfare of her patients. In order to protect the health, safety and welfare of the public, the Board finds it necessary to increase the penalty. It is therefore ORDERED that:
The license of Phyllis C. Holmes is hereby REVOKED.
We affirm this imposition of penalty as in compliance with the agency responsibility under section 120.57(l)(b)9 to review the complete record and state “with particularity its reasons therefor in the order, by citing to the record in justifying the action.” Martin v. Department of Professional Regulation, 485 So.2d 39 (Fla.2d DCA 1986); Devor v. Department of Insurance, 473 So.2d 1319 (Fla. 1st DCA 1985), pet. for review den., 476 So.2d 673 (Fla.1985).
We agree, however, with appellant’s contention as to the final provision of the order: “The Respondent is permanently prohibited from petitioning the Board for reinstatement of her license.” That language must in this case be stricken because it conflicts with section 464.018(2), Florida Statutes, and with the Department’s rules, Chapter 210-10.05(3)(b), F.A.R.:
... the Board may impose one or more of the following penalties: ... (b) Revocation ... a revoked ... license may be reinstated and [sic] the applicant’s meeting the requirements set forth in 210-10.-05(4); provided, however, that an application for reinstatement ... shall not be entertained within one (1) year from the date of the order of revocation.
Cf. Wood v. Department of Professional Regulation, 490 So.2d 1079 (Fla. 1st DCA 1986), as to issues arising absent explicit rule.
The order is affirmed as amended.
BOOTH, C.J., concurs.
ZEHMER, J., dissents with written opinion.