FARMER, Judge.
We affirm the revocation of appellant’s license to practice as a chiropractic physician. There was competent and substantial evidence in the record, which the DPR could have found clear and convincing, to support DPR’s finding that appellant had made misleading, deceptive, untrue or fraudulent representations in the practice of chiropractic. See section 460.-413(1)(Z), Florida Statutes (1989).
There is no authority, however, for DPR to add a provision to its order that the revocation is “without right of reinstatement or relicensure.” Section 460.413(2), Florida Statutes (1989), authorizes one or more of the following penalties for deceptive or misleading representations: denial of a license, revocation or suspension of a license, restriction of practice, imposition of a fine, issuance of a reprimand, or probation. There is nothing in the statute that empowers DPR to deny a licensee, whose license has been revoked, the right to seek reinstatement or relicensure.
As the statute is penal, it must be strictly construed in favor of the licensee and against the state. Rotstein v. Department of Professional & Occupational Regulation, 397 So.2d 305 (Fla. 1st DCA 1981). We also note that the First District has construed comparable provisions in the nurse’s and pharmacist’s licensing schemes to the same effect. See Schiffman v. Department of Professional Regulation, 581 So.2d 1375 (Fla. 1st DCA 1991), and Jordan v. Department of Professional Regulation, 522 So.2d 450 (Fla. 1st DCA 1988).
We therefore affirm the final order revoking appellant’s license, but we correct the order to delete the words “without right of reinstatement or relicensure.”
AFFIRMED AS CORRECTED.
POLEN, J., concurs.
LETTS, J., concurs in the affirmance of the revocation of the license but dissents without opinion as to the correction of the order.